**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MARION C. BUTLER** **PLAINTIFF**

**v.** **Case No. 4:24-cv-00560 KGB**

**ANA ESCAMILLA, Individually and in her official capacity** **DEFENDANT**

**ORDER**

Before the Court are the motion to compel of defendant Ana Escamilla, individually and in her official capacity (Dkt. No. 25), and the motion for leave to amend complaint of plaintiff Marion C. Butler (Dkt. No. 29). Butler has not responded to Escamilla's motion to compel, and the time for doing so has passed. Escamilla has filed a response to Butler's motion to amend (Dkt. No. 31). For the following reasons, the Court grants, in part, and denies, in part, Escamilla's motion to compel (Dkt. No. 25) and denies Butler's motion to amend (Dkt. No. 29).

**I. Motion To Compel**

In her motion to compel, Escamilla states that on December 3, 2025, she mailed Butler her first set of interrogatories and requests for production of documents ("Initial Discovery") (Dkt. No. 25, ¶ 1). Escamilla maintains that Butler did not respond to her Initial Discovery within 30 days and that any objections to the requests have now been waived under Federal Rule of Civil Procedure 33(b)(4) (*Id.*, ¶ 2). On January 5, 2026, Escamilla sent a letter asking Butler to respond to her Initial Discovery within ten days, and Butler responded on January 16, 2026 (*Id.*, ¶¶ 3–4). Escamilla filed her motion to compel arguing that Butler failed to answer Interrogatories number 3 and 4, provided an improper objection to Request For Production number 10, and provided an inappropriate response to Interrogatory number 6 (*Id.*, ¶ 5). Escamilla argues that Butler's answer to Interrogatory number 6 is "heavily contradicted by the video despite Plaintiff admitting in

requests for admission that 'the video provided in discovery showing Trooper Ana Escamilla's traffic stop of Marion Butler on February 21, 2023 is an authentic, true, and accurate representation of the events that it shows.'" (*Id.*, ¶ 5). Escamilla maintains that her counsel attempted to confer in good faith with opposing counsel about these matters, but these emails went unanswered (*Id.*, ¶¶ 6–8).

The Court grants, in part, and denies, in part, the unopposed motion to compel. Butler shall, within 21 days of the date of this Order, provide responses to Interrogatory numbers 3 and 4 and shall provide the documents and records sought in Request For Production number 10. The Court denies the motion to compel Butler to provide any further response to Interrogatory number 6. Escamilla received a response to Interrogatory number 6. The assertion by Escamilla that the response to the interrogatory is "heavily contradicted" by uncontroverted video evidence is an argument that Escamilla may make (Dkt. No. 26, at 1), should Escamilla choose to do so, when filing a dispositive motion or when this matter proceeds to trial.

For these reasons, the Court grants, in part, and denies, in part, the motion to compel.

**II. Motion To Amend**

In his motion for leave to amend complaint, Butler states that he is seeking leave to amend his complaint to add Pulaski County, Arkansas, as a defendant because of its "policy, custom and practice for failing to properly train or supervise [Pulaski County's] prosecutorial staff to provide discovery to a criminal defense in accordance with the due process rights of an accused person such as the Plaintiff." (Dkt. No. 29, at 1–2).

In the proposed amended complaint, Butler complains that, at his trial for driving under the influence, the "Pulaski County" deputy prosecuting attorney assigned to handle the prosecution of the charge stated that there is "no evidence," despite Escamilla asserting that she delivered the

complete discovery packet to the deputy prosecuting attorney assigned to the case at least three months before the scheduled trial date (Dkt. No. 29-1, ¶¶ 24, 27). According to Butler's amended complaint, a "pattern of conduct had arisen by the Pulaski County Deputy Prosecuting Attorney that was handling DWI cases in Pulaski County District Court, that a decision was made by the Arkansas State Police to stop assigning DWI arrests from North Little Rock, Arkansas to that Court, citing repeated instances in which the Pulaski County Deputy Prosecuting Attorney failed to properly handle, disclose, or present evidence." (*Id.*, ¶ 28).

In her response, Escamilla states that Butler's proposed amendment to his complaint would be futile because deputy prosecuting attorneys are not county employees in Arkansas and because, even if the attorneys were sued individually, they would be entitled to prosecutorial immunity (Dkt. No. 31).

The decision whether to allow a plaintiff to amend his complaint is left to the sound discretion of the district court, and the court of appeals will reverse the district court only if the court abused its discretion. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). "A district court may deny leave to amend 'if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). An amendment to a pleading can be successfully challenged on grounds of futility, if the claims created by the amendment would be unable to withstand a motion to dismiss. *Ulrich v. City of Crosby*, 848 F. Supp. 861, 877 (D. Minn. 1994) (citing *Weimer v. Amen*, 870 F.2d 1400, 1407 (8th Cir. 1989)).

The Court finds that Butler's request for leave to amend to add Pulaski County, Arkansas, as a defendant would be futile. Under Arkansas law, deputy prosecuting attorneys are state employees, not county employees. *See* Ark. Code Ann. § 16-21-157. Accordingly, Butler's claim that Pulaski County failed in training and supervising the deputy prosecuting attorneys that he alleges were unsupervised and untrained in his case would necessarily fail because the attorneys were not employees of Pulaski County, Arkansas. Even if Butler attempted to sue the deputy prosecuting attorneys in their individual capacities for money damages, those claims would fail because "[p]rosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity.").

The Court denies as futile Butler's motion for leave to amend his complaint (Dkt. No. 29).

## III. Conclusion

The Court grants, in part, and denies, in part, Escamilla's motion to compel. Butler shall, within 21 days of the date of this Order, provide responses to Interrogatory numbers 3 and 4 and shall provide the documents and records sought in Request For Production number 10. The Court denies the motion to compel a different response to Butler's response to Interrogatory number 6. The Court denies Butler's motion for leave to amend his complaint (Dkt. No. 29).

So ordered this 31st day of August, 2026.

Kristine G. Baker
Chief United States District Judge