**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MARION C. BUTLER** **PLAINTIFF**

**v.** **Case No. 4:24-cv-00560 KGB**

**ANA ESCAMILLA, Individually**
**and in her official capacity** **DEFENDANT**

# ORDER

Before the Court is the motion for sanctions of defendant Ana Escamilla, individually and in her official capacity (Dkt. No. 34). Plaintiff Marion C. Butler has responded to Escamilla's motion for sanctions (Dkt. No. 36). For the following reasons, the Court grants, in part, and holds under advisement, in part, Escamilla's motion for sanctions (Dkt. No. 34).

## I. Background

According to Escamilla's motion for sanctions, counsel for both parties agreed that Butler would appear for a scheduled deposition on May 26, 2026, at 10:00 a.m. (Dkt. No. 35, at 1). Escamilla's counsel filed a notice of deposition noting the agreed upon date and time (Dkt. No. 33). Escamilla's counsel appeared with a certified court reporter to take Butler's deposition at the time and place listed in the notice of deposition, but Butler and his attorney failed to appear (*Id.*).

Escamilla's counsel attempted to contact Butler's counsel by phone and email but received no response until five hours later (*Id.*). At that time, Butler's counsel sent an email apologizing for missing the deposition and acknowledging that she was aware of the deposition and had read the notice of deposition (*Id.*).

Escamilla maintains that she incurred expenses at the deposition because a statement was made on the record, defense counsel prepared for and attended the deposition, and she retained the services of the court reporter (*Id.*). Escamilla seeks to recover her reasonable fees, including

attorney's fees, and costs (*Id.*, at 2). Escamilla also argues that Butler has shown a pattern of noncompliance with the Federal Rules of Civil Procedure by failing to appear for his deposition and failing to respond to discovery, referencing her motion to compel (*Id.*, at 2-3). Escamilla argues that these failures result in dismissal being an appropriate sanction (*Id.*, at 2–3).

Butler filed a response to the motion for sanctions (Dkt. No. 37). Butler states that his failure to appear for a deposition was based on the deposition "inadvertently not [being] placed on counsel's calendar." (Dkt. No. 37, at 1). Butler states that his counsel immediately contacted Escamilla's counsel to explain that a mistake had occurred on calendaring the deposition (*Id.*). Butler states that his counsel was in another deposition when she learned that there had been an error in calendaring the deposition (*Id.*). Butler states that his counsel immediately agreed to resetting the deposition (*Id.*). Butler argues that the error was harmless and did not prejudice Escamilla because counsel has agreed to reschedule the deposition (*Id.*, at 2).

## II. Analysis

A party's failure to attend a properly noticed deposition constitutes grounds for sanctions. *See* Fed. R. Civ. P. 37(d)(1)(A)(i). Pursuant to Federal Rule of Civil Procedure 37, failure to appear for a properly noticed deposition is punishable by any of the sanctions listed in Rule 37(b)(2)(A)(i)–(iv), including dismissal of the action. "Under Rule 37, '[d]ismissal as a discovery sanction is available only if there is (1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice.'" *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (quoting *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014)). Dismissal with prejudice is an "extreme sanction." *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in United States Currency*, Case No. 15-1743, 2016 WL 3144679, at *2 (8th Cir. June 6, 2016). Even in cases where a district

court finds that a plaintiff's conduct was sanctionable, the court must normally "investigate whether a sanction less extreme than dismissal would suffice." *Comstock*, 775 F.3d at 992. However, further investigation is unnecessary in cases where "the party's failure was deliberate or in bad faith." *Id.*

Here, the Court was not asked to order Butler to attend his deposition. From the filings of the parties, the Court understands that Bulter voluntarily rescheduled his deposition (Dkt. No. 37, at 2–3). Additionally, Escamilla has not come forward with any evidence that Butler was acting in bad faith in failing to appear at his first noticed deposition. Based on the record before the Court, the Court determines that dismissal is not an appropriate sanction under the circumstances of this case.

A court may require the party failing to attend the deposition, "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The decision to award sanctions pursuant to Federal Rule of Civil Procedure 37(d), and the type of sanctions to be awarded for a party's failure to attend a deposition, is within the court's discretion. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). The Court will hold under advisement until the conclusion of the case Escamilla's request for a sanction of attorney's fees and costs associated with the filing of the motion.

## III. Conclusion

The Court grants, in part, and holds under advisement, in part, Escamilla's motion for sanctions (Dkt. No. 34). The Court denies the motion for sanctions to the extent Escamilla seeks to dismiss Butler's complaint. The Court holds under advisement Escamilla's request for attorney's fees and costs associated with filing the motion.

So ordered this 31st day of August, 2026.

Kristine G. Baker
Chief United States District Judge